IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Pine Village North Association | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 4:21-CV-02118 |
| v. | § | |
| | § | |
| Dennis Fisher and Sheryl Fisher, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S RULE 11 MOTION FOR SANCTIONS**

TO THE HONORABLE DAVID HITTNER, UNITED STATES DISTRICT JUDGE:

Plaintiff, Pine Village North Association, ("Plaintiff") file this Motion for Sanctions pursuant to Rule 11, and in support thereof shows as follows:

**Summary of the Argument**

Defendants, Dennis Fisher and Sheryl Fisher have improperly removed the underlying lawsuit, as the Notice of Removal is not timely, and the pleadings do not create federal question jurisdiction nor do any of the issues presented in Defendant's Notice of Removal. The Defendants have removed this case to federal court on the eve of trial in state court to further delay proceedings and in so doing has wasted the Court's time and resources. Defendants' Notice of Removal was brought in violation of Rule 11 of the Federal Rules of Civil Procedure.

1

## Arguments and Authorities

### A. Legal Standard

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate

sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c)(1).

**B. Analysis**

Defendants' Notice of Removal was filed roughly 5 years after Plaintiff filed its Original Petition in violation of the 30 day requirement under 28 U.S.C.S. § 1446. Furthermore, Defendants' Notice of Removal falsely asserts to the Court that the Defendants have "asserted two causes of action for violation of the United States Constitution," which they did not.

**1. Defendants' Notice of Removal is an abuse of process and was brought in bad faith.**

The underlying suit was filed on August 24, 2016. This matter was set for bench trial on the two-week trial docket beginning Monday, June 28, 2021. Upon being notified that the underlying case was being called for trial that week, Defendants filed their Notice of Removal to delay the trial proceedings.

Furthermore, despite Defendants' representation to the Court that Defendants have asserted causes of action for violations of the Federal Constitution, a review of the pleadings in the underlying suit indicate the Defendants' representation to the Court are false and a violation of Rule 11. Fed. R. Civ. P. 11.

There are no issues pending in the underlying suit that would give rise to federal jurisdiction. The subject matter of the underlying lawsuit is between a homeowners

3

association in Harris County, Texas and a property owner for the collection of delinquent maintenance assessments which are owed to Plaintiff under the terms and conditions of covenants and restrictions on file with the Harris County Real Property Records.

### 2. Defendants' conduct is cause for sanctions.

Rule 11 sanctions may be awarded by the Court in the context of a removal. Section 1446(a) expressly requires that a notice of removal be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a). "This reference to Rule 11 is redundant because Rule 11 would apply anyway, but the reference constitutes an extra-special warning to removing defendants that they are subject to sanctions if the averments in their notice of removal are not well grounded in fact and warranted by law." *Gray v. New York Life Ins. Co*., 906 F. Supp. 628, 630 (N.D. Ala. 1995).

Defendants' improper Notice of Removal was brought in bad faith on the eve of trial in order to delay the trial from moving forward. The timing of Defendants' Notice of Removal, combined with the Defendants' fraudulent representations to the Court that the pleadings contained claims focused on the 5th and 14th Amendments of the United States Constitution (as well as Sections 17 and 19 of the Texas Constitution) is an absolute waste of the Court's time, resources and represents a serious abuse of process.

Moreover, the Defendants' actions have resulted in numerous other defendants engaged in litigation with Plaintiff to file identical notices of removal which also contain the same misrepresentations in order to delay the trial court proceedings. Plaintiff is a homeowner association and as a result has multiple active lawsuits pending in Harris County. Should Defendants' frivolous actions go unpunished, defendants will continue to abuse the federal court removal procedure in order to delay Plaintiff from bringing suit for failure to pay homeowner maintenance assessments. See Case No. 4:21-CV-2131; and 4:21-CV-02107, a copy of the identical removals are attached as **Exhibit A**.

As a result of Defendants' untimely and improper removal of the state court action to federal court, Plaintiff seeks the recovery of $5,000.00 in attorney fees, as well as the recovery of all costs and fees. In addition, Plaintiff requests the Court sanction Defendants in the amount of $5,000.00 payable to the Court.

## Conclusion

Defendants' Notice of Removal was untimely and contained fraudulent representations to the Court regarding the facts of this case resulting in the waste of the Court's time and resources. Defendants' Notice of Removal was frivolous and represents an abuse of process for which Plaintiff has no adequate remedy at law. For the foregoing reasons, the Court should grant Plaintiffs' Opposed Motion for Sanctions.

Respectfully submitted,

**DAUGHTRY & FARINE, P.C.**

BY:  /s/ *Christopher J. Archambault*
CHRISTOPHER J. ARCHAMBAULT
TEXAS SBN: 24082634
FEDERAL SBN: 1674904
17044 EL CAMINO REAL
HOUSTON, TEXAS 77058
TELEPHONE: (281) 480-6888
FAX: (281) 218-9151
E-MAIL: archambault.filing@daughtryfarine.com
***ATTORNEYS FOR PLAINTIFFS***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have been served with Plaintiff's Motion for Sanctions through the Court's electronic filing system as prescribed by the Federal Rules of Civil Procedure on this the 28th day of July, 2021.

/s/ *Christopher Archambault*
Christopher Archambault

6

## **CERTIFICATE OF CONFERENCE**

Pursuant to the Local Rules for the Southern District of Texas, I hereby certify that on July 26th and 27th, 2021, via telephone call and e-mail at [dcfisher5219@sbcglobal.net](mailto:dcfisher5219@sbcglobal.net), counsel for Plaintiff attempted to confer with Defendants to verify that this motion is opposed but did not receive a response.

/s/ Christopher Archambault
Christopher Archambault
