United States District Court
Southern District of Texas
**ENTERED**
September 28, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Pine Village North Association, § | |
| 　　Plaintiff, § | |
| § | |
| v. § | Civil Action H-21-2118 |
| § | |
| Dennis Fisher and Sheryl Fisher, § | |
| 　　Defendant. § | |

# Memorandum and Recommendation

Pine Village North Association (Pine Village) sued Dennis and Sheryl Fisher (collectively, the Fishers) in the 333rd District Court of Harris County, Texas, on August 24, 2016. (D.E. 1 at 1.) Almost five years later, on June 29, 2021, the Fishers filed a notice of removal to the Southern District of Texas. (D.E. 1.) Pine Village moves to remand the case to state court and seeks costs and fees incurred as result of this federal action. (D.E. 3.) Pine Village also moves for sanctions under Federal Rule of Procedure 11 (D.E. 4.) The Fishers have not responded to either motion. The court recommends that Pine Village's motion to remand be granted and that the case be remanded to the 333rd District Court of Harris County, Texas. Pine Village's request for an award of costs and fees is granted in part. Pine Village's motion for Rule 11 sanctions is granted in part.

*1. Background*

Because the Fishers did not respond to the motions, they are deemed unopposed. *See* S.D. Tex. L.E. 7.4. Because the motion to remand is dispositive of the case in this court, relief should not be granted "simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (so concluding in the context of an unopposed summary judgment motion). Instead, the court may accept the unopposed facts set forth in the motion as undisputed. *C.f. Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)

(affirming the district court's acceptance of the facts in support of the defendant's summary judgment motion as undisputed, where the plaintiff made no opposition to the motion). Thus, the court takes as true the matters alleged in the pending motions.

In 2016, Pine Village sued the Fishers in 333rd District Court of Harris County, Texas, for collection of delinquent maintenance assessments. (D.E. 3 at 3–4.) Pine Village states in its motion that the Fishers were notified that the case was set for a two-week bench trial to begin on June 28, 2021. (D.E. 3 at 3.) On June 29, 2021, the Fishers filed their notice of removal. (D.E. 1.) The Fishers assert that the court has federal question subject matter jurisdiction. *Id.* In its motion, Pine Village argues (1) the Fishers notice is untimely and (2) the state court pleadings do not establish a federal question. (D.E. 3.)

2. *Removal is Procedurally Improper and Remand is Required*

If a civil action filed in state court could have been filed in federal court, a defendant may remove the action to the district court with original jurisdiction. 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists and that the removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995)). The procedure for removal of civil actions is found in 28 U.S.C. § 1446.

"Removal based on federal question jurisdiction is determined by reference to the well-pleaded complaint." *Eggert v. Britton*, 223 F. App'x 394, 397 (5th Cir. 2007). The Fishers failed to attach a copy of the original petition filed in state court. The Notice of Removal (D.E. 1) states in a conclusory fashion that various of the Plaintiffs' constitutional rights have been violated. "[S]ubject matter jurisdiction cannot be created by simple reference to federal law." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 694 (5th Cir. 1995). Moreover, according to Pine Village's Motion to Remand, the Fishers' live pleadings in state court do not raise any constitutional violations. Plaintiffs have failed to demonstrate the existence of a federal question, and the case must be remanded.

Removal in this case is also procedurally improper. 28 U.S.C. § 1446(a) states, "[D]efendants desiring to remove any civil action from a [s]tate court shall file in the district court of the United States . . . within which such action is pending a notice of a removal . . . together with *a copy of all process, pleadings, and orders* served upon such . . . defendants in such action." (emphasis added). Although federal courts liberally construe pro se pleadings, pro se litigants must still comply with the rules of civil procedure. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). The Fishers were not procedurally compliant because they failed to attach copies of all process, pleadings, and orders as required by § 1446(a) when they filed their notice of removal.

The notice of removal is also several years late. A notice of removal must be filed within thirty days of service of the initial pleading or receipt by the defendant of any paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). "The time limitations in 28 U.S.C. Section 1446 are mandatory and must be strictly construed . . . ." *Hodge v. Stallion Oilfield Servs.*, No. CIV.A. H-07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) (quoting *S.M. v. Jones,* 794 F.Supp. 638, 639 (W.D.Tex.1992)). The Fishers waited to file their notice of removal almost five years after they were served with Pine Village's initial pleading. The Fishers' notice of removal was filed late and this case must be remanded to state court.

3. *Fees and Costs*

Pine Village's motion to remand seeks attorney's fees under 28 U.S.C. § 1447(c) and sanctions under Rule 11. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). Fees should be denied if the removing party had an objectively reasonable basis for removal and reasons for departing from this rule "should be faithful to the purposes" of the statute. Id. at 141.

3

The Fishers' removal of this case from state court was objectively unreasonable. This court recognizes that the Fishers are proceeding pro se, but the Fishers' late removal, which occurred after the state trial was set to begin, should be construed as misuse of the Federal Rules of Civil Procedure. *See Brook Forest Cmty. Ass'n Inc v. Norris*, No. 4:20-CV-2814, 2021 WL 3832930, at *1 (S.D. Tex. Jan. 29, 2021) (stating that a pro se defendant's mailing his second notice of removal two days before the state-court case was set for trial may be a misuse of the Federal Rules of Civil Procedure by interfering with the state court's orderly handling of its docket). Reimbursement of fees and costs is warranted.

Because Pine Village failed to attach any evidence of its fees, hours worked on the instant motions, or justification of its hourly rate, the court is left to estimate the fees based on the court's judgment and experience.

The issues presented are basic and uncomplicated. The court concludes that an hourly rate of $250 is warranted. The law contained in the motions is well-understood and the court estimates that it would take no more than two hours to prepare each motion. An award of $1,000 in attorney's fees is just. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (reciting several factors relevant to determining an award of attorney's fees).

Pine Village also seeks sanctions under Rule 11. Under Rule 11(c)(4), sanctions are limited to that which will deter repetition of the improper conduct. The court believes that the award of fees in combination with an admonishment will suffice to serve the purpose of Rule 11. The Fishers are hereby ADMONISHED that any further misuse of the Federal Rules of any further misrepresentations to the court will result in monetary sanctions or an order to show cause why they should not be held in contempt of court.

4. *Conclusion*

The court recommends that Pine Village's motion to remand be granted. Pine Village's request for costs and attorney's fees is granted in part.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 28, 2021.

Peter Bray
United States Magistrate Judge